IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRUNSON ROBERTS**                                                     **PLAINTIFF**
**ADC #127841**

v.                       No: 4:21-cv-00441 LPR-PSH

**DEXTER PAYNE,** *et al.*                                       **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Brunson Roberts filed a *pro se* Petition for Writ of Mandamus on May 20, 2021, while incarcerated at the Arkansas Division of Correction's Maximum Security Unit (Doc. No. 1). After being directed to do so, Roberts filed an application to proceed *in forma pauperis* ("IFP") (Doc. No. 12) which the Court

granted (Doc. No. 13). For the reasons stated herein, Roberts' claims should be dismissed for failure to state a claim upon which relief may be granted.

### I.  Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

### II.  Analysis

In his petition for writ of mandamus, Roberts alleges that he has received "grave retaliation" for his use of the ADC's prison grievance procedure. Doc. No. 1 at 2.  He asks that the district attorney be "commanded to file charges on ADC

officials for violating clear established policy & constitutional rights." *Id.* Brunson complains that he has been mistreated in a number of ways, placed on punitive status, and held indefinitely in restrictive housing in retaliation for grievances he has filed. *Id.* at 2-3. He also claims that his rights under the Americans with Disabilities Act have been violated, causing him to suffer severe depression. *Id.* at 3.

In its Initial Order for *Pro Se* Prisoner Plaintiffs, the Court noted that while Roberts had filed a "Writ of Mandamus," his lawsuit would be more appropriately characterized as a federal civil rights lawsuit brought under 42 U.S.C. § 1983. Doc. No. 3 at n. 1. The Court stated that it would require Roberts to file an amended complaint to clarify his claims, provided he was granted permission to proceed IFP. *Id.* Brunson filed an objection to the Court's Order and clarified that he does not wish to convert this lawsuit to a § 1983 case, but wants the Court to rule on his petition as it is. Doc. No. 4. He further states, "[t]he plaintiff/petitioner is seeking an order to compel the district attorney to file charges after the Court determines through the record if ADC officials are violating agency policies by retaliating on the Plaintiff." *Id.* He claims that this Court has federal question jurisdiction under 28 U.S.C. § 1331 to determine if the ADC has violated the Administrative Procedures Act (APA), citing "U.S.C. § 706." *Id.* at 2.

The Court cannot grant the relief sought by Roberts. First, the APA applies to federal agencies, not state prisons.[1] *See* 5 U.S.C. § 701(b) (defining "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency," with certain exceptions). Second, "it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Veneri v. Cir. Ct. of Gasconade County*, 528 F. Supp. 496, 498 (E.D. Mo. 1981). *See also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001); *Haggard v. State of Tenn.*, 421 F.2d 1384, 1385 (6th Cir. 1970). In sum, federal courts have limited authority to issue writs of mandamus, and that authority does not extend to state or local officials unless federal jurisdiction otherwise exists. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee ***of the United States or any agency thereof*** to perform a duty owed to the plaintiff.") (emphasis added).

---

[1] "The APA is a procedural statute that provides no substantive requirements but merely provides the framework for judicial review of agency action." *Ochoa v. Holder*, 604 F.3d 546, 549 (8th Cir. 2010).

## III. Conclusion

For the reasons stated herein, it is recommended that:

1. Roberts' Petition be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. All pending motions be denied as moot.

3. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 5th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE